IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LEONARD A. FULGHAM,

      Petitioner,               No. CIV S-09-1848 GGH P

  vs.

M. EVANS,                         ORDER AND

      Respondent.          FINDINGS AND RECOMMENDATIONS

_____/

      Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

      Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

      Petitioner challenges his 2008 conviction for possession of a controlled substance (heroin) in a state prison in violation of Cal. Penal Code § 4573.6. Petitioner raises two claims. First, he alleges that the trial court violated his Fourth Amendment rights by denying his motion to suppress. Second, he alleges that the conditions of the search conducted by prison officials constituted cruel and unusual punishment in violation of the Eighth Amendment. For the

1

following reasons, the court recommends that these claims be dismissed. Rule 4, Federal Rules Governing Section 2254 Cases.

A state prisoner may not raise a Fourth Amendment claim on federal habeas review if he had the opportunity for "full and fair" consideration of the claim in state court. <u>See</u> <u>Stone v. Powell</u>, 428 U.S. 465, 494, 96 S.Ct. 3037 (1974); <u>Ortiz-Sandoval v. Gomez</u>, 81 F.3d 891, 899 (9th Cir.1996) ("A Fourth Amendment claim is not cognizable in federal habeas proceedings if a petitioner has had a full and fair opportunity to litigate the claim in state court."). California provides criminal defendants with a full and fair opportunity to litigate Fourth Amendment claims through the procedures of California Penal Code section 1538.5, which permits a defendant to move to suppress evidence on the ground that it was obtained in violation of the Fourth Amendment. <u>See</u> <u>Gordon v. Duran</u>, 895 F.2d 610, 613-14 (9th Cir.1990).

Petitioner had a full and fair opportunity to litigate his Fourth Amendment claim by way of his motion to suppress. <u>See</u> Petitioner's Exhibit A, opinion of California Court of Appeal, pp. 5-13. Accordingly, petitioner's Fourth Amendment claim is not cognizable in federal habeas and should be dismissed.

Petitioner's Eighth Amendment claim alleges that the conditions of his search violated the Eighth Amendment. Petitioner was found in possession of heroin after prison officials conducted a "potty watch." Petitioner alleges that during the search he was strapped to a table so tightly that his circulation was cut off.

Petitioner cannot substitute the Eighth Amendment for the Fourth Amendment in this habeas action. When petitioner challenges the method by which evidence (other than a confession) was procured, his challenge falls under the Fourth Amendment. When a specific Amendment applies to an issue, a petitioner is not free to substitute a more general Amendment for resolution. <u>See</u> <u>Allbright v. Oliver</u>, 510 U.S. 266, 273, 114 S.Ct. 807, 813 (1994).

If petitioner were bringing a civil rights action, the answer would be different. A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration"

1 of his confinement. <u>Badea v. Cox</u>, 931 F.2d 573, 574 (9th Cir.1991), quoting, <u>Preiser v.</u>
2 <u>Rodriguez</u>, 411 U.S. 475, 485, 93 S.Ct. 1827 (1973).  In contrast, a civil rights action pursuant to
3 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that
4 confinement.  <u>McCarthy v. Bronson</u>, 500 U.S. 136, 141-42, 111 S.Ct. 1737 (1991).  Petitioner's
5 Eighth Amendment claim challenging the conditions of his search do not implicate the legality of
6 his conviction.  Rather, these claims concern his conditions of confinement and should be raised
7 in a civil rights action.
8       Accordingly, IT IS HEREBY ORDERED that:
9       1. The Clerk of the Court is directed to assign a district judge to this action;
10       2. Petitioner's application to proceed in forma pauperis (no. 2) is granted; and
11       IT IS HEREBY RECOMMENDED that petitioner's application for a writ of
12 habeas corpus be dismissed.
13       These findings and recommendations are submitted to the United States District
14 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
15 days after being served with these findings and recommendations, petitioner may file written
16 objections with the court.  The document should be captioned "Objections to Magistrate Judge's
17 Findings and Recommendations."  Petitioner is advised that failure to file objections within the
18 specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951
19 F.2d 1153 (9th Cir. 1991).
20 DATED: July 20, 2009

      /s/ Gregory G. Hollows

      UNITED STATES MAGISTRATE JUDGE

25 ful1848.156
26